UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

LIEL MAXIMOV as parent and guardian
of SHAINA MAXIMOV on behalf of herself
and all other similarly situated consumers

                                        Plaintiff,

        -against-

THE LAW OFFICE OF PERRI E. FROSCH, ESQ.

                                        Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1.      Plaintiff, Liel Maximov, as parent and guardian of Shaina Maximov, on behalf of herself

        and all other similarly situated consumers, brings this action against The Law Office of

        Perri E. Frosch, Esq. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §

        1692, et *seq.* ("FDCPA").  The FDCPA prohibits debt collectors from engaging in

        abusive, deceptive and unfair collection practices while attempting to collect on debts.

### Parties

2.      Plaintiff is a citizen of the State of New York who resides within this District.

3.      Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

        that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.      Upon information and belief, Defendant's principal place of business is located in

        Tarrytown, New York.

5.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

        consumers.

6.    Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(a)(6).

## Jurisdiction and Venue

7.    This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## Allegations

9.    Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.   On or about August 8, 2017, Defendant sent the Plaintiff a collection letter.

11.   The said letter was an effort to collect on a consumer debt.

12.   Said letter stated the following:

> "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor."

13.   Defendant's letter misrepresented the Plaintiff's right to dispute the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(4).

14.   Section 1692g(a) provides:

> "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, **or any portion thereof**, the debt will be assumed to be valid by the debt collector - 15 U.S.C. § 1692g(a)(3);

15.    The written notice must also contain:

a statement that if the consumer notifies the debt collector in writing … that the debt, **or any portion thereof**, is disputed, the debt collector will obtain verification of the debt … and a copy of such verification … will be mailed to the consumer by the debt collector - 15 U.S.C. § 1692g(a)(4).  (emphasis added.)

16.    In the Ninth Circuit, "the impact of language alleged to violate section 1692g is judged under the 'least sophisticated debtor' standard. *Swanson,* 869 F. 2d at 1225. If a court finds "that the least sophisticated debtor would likely be misled by the notice which [the debtor] received from the [debt collector], [a court] must hold that the credit service has violated the Act." *Id.*

17.    Defendant failed to send a written notice containing a statement that if Plaintiff notifies Defendant in writing, within the thirty-day period, **that the debt, or any portion thereof, is disputed**, the Defendant would obtain verification of the debt and that a copy of the verification would be mailed to the Plaintiff, in violation of Section 1692g(a)(4).

18.    Defendant's letter failed to clearly differentiate between disputing a debt, or any portion thereof, and obtaining verification of a debt.

19.    The least sophisticated debtor could be led to believe that his/her notification to the debt collector is merely in order to obtain verification of the debt, but <u>not</u> to dispute the debt.

20.    Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.[1]

---

[1] See <u>Foresberg v. Fidelity Nat'l Credit Servs., Ltd., 2004 WL 3510771 (S.D. Cal. Feb. 26, 2004)</u> (The collector's omission from the validation notice of the consumer's right to dispute any portion of the debt violated the Act.); <u>Bailey v. TRW Receivables Mgmt. Servs., Inc., 1990 U.S.</u>

21.    Said August 8, 2017 letter violated 15 U.S.C. §§ 1692e, 1692e(10), & 1692g(a)(4), for false and deceptive representations and for failing to comply with the validation notice requirements, in particular, for misrepresenting Plaintiff's right to dispute the debt and misrepresenting Plaintiff's right to obtain verification of the debt.

22.    Furthermore, The Defendant was attempting to collect on a debt purportedly owed to Maimonides Medical Center, for a balance of $1,014.08.

23.    The alleged debt was non-existent.

24.    The Plaintiff would certainly not have agreed to any medical services that would not be covered by insurance.

25.    A valid debt for medical services "only rests upon a showing by the provider that the services were performed and accepted with the understanding on both sides that there was a fee obligation." Shapira v United Med. Serv., 15 NY2d 200, 210, 205 NE2d 293, 257 NYS2d 150 (Court of Appeals of New York 1965); Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP, No. 16-2165-cv, 2017 BL 407422 (2d Cir. Nov. 14, 2017). ("[S]ection 1692f contains a non-exhaustive list of unfair practices, including the collection of an invalid debt.")

26.    Under New York law, a valid debt can only exist if there is an express contractual agreement between the parties.

27.    The Defendant is well aware that any implied contract can only rest upon a showing by the provider, that the services were performed and accepted with the understanding of both sides that there was a fee obligation.

---

Dist. LEXIS 19638 (D. Haw. Aug. 16, 1990) (The § 1692g notice did not notify the consumer that any portion of the debt could be disputed and verified. The failure to notify the consumer that any portion of the debt could be disputed and verified violated 1692g.); McCabe v. Crawford & Co., 210 F.R.D. 631 (N.D. Ill. 2002) (A claim was stated where the collector's letter failed to inform the consumer that he may dispute ''any portion'' of the debt.); Beasley v. Sessoms & Rogers, P.A., 2010 WL 1980083 (E.D.N.C. Mar. 1, 2010) (The court found that the validation notice violated § 1692g(a)(4) by omitting the ''in writing'' requirement that she could dispute any portion of the debt.)

28.    At no time, did the Plaintiff enter into contract with the alleged creditor, nor did he signed any agreement with the creditor.

29.    The Plaintiff did in fact, visit Maimonides Medical Center and had provided her daughter's insurance; however, she did not request any medical services which would not be entirely covered by the child's medical insurance or which would result in any fee obligation.

30.    Defendant violated 15 U.S.C. § 1692e(10) by misrepresenting that Plaintiff's insurance company was unwilling to assist Plaintiff in connection with the medical bills.

31.    Defendant's deceptive language misleads the debtor in to believing that he cannot resolve this debt with her child's insurance company.

32.    Even if this statement is true the letter deceptively conveys to the consumer that because debt has been "processed" by insurance that this debt is absolute and is the "obligation of the responsible party," misleading the consumer to believe that there would be no point in contacting either the medical provider, or the debtor's insurance provider(s), when in fact a myriad of possibilities exist in which such medical debts are in error.

33.    By way of a few limited examples: a) The debtors' insurance company may have made an error in processing, b) The medical provider may have made in error in overcharging. c) Payment may have been misapplied by either the insurance company or medical provider. d) The debtor may have secondary insurance that would cover this charge. The different possibilities of resolving this debt go on and on.

34.    Every year, the New York State Department of Health provides nearly a billion dollars of Bad Debt and Charity Care funds to state hospitals for underinsured Patients and underinsured Patients can have access to these State Charity Funds to pay the remaining

debts to the hospital or their medical service providers.

35.    Defendant's deceptive language in the said letter discourages the debtor from trying to directly contact his or her medical service provider.

36.    Defendant's deceptive language discourages the debtor from trying to work this debt out, or obtain options directly from his or her medical service provider.

37.    The least sophisticated debtor, by reading the above mentioned language, would be deceptively dissuaded from contacting his or her insurance company directly.

38.    The FDCPA at section 1692e(10) prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

39.    On August 8, 2017, The Law Office of Perri E. Frosch, Esq. mailed the Plaintiff a letter, and in an effort to coerce the Plaintiff into making a payment on the subject debt, The Law Office of Perri E. Frosch, Esq. deceptively and misleadingly represented that it possessed and reviewed information regarding insurance matters related to the debt, and the letter implied that The Law Office of Perri E. Frosch, Esq. had personal knowledge that Plaintiff's insurance company would not pay the debt; even a literally true statement may convey a misleading impression in violation of section 1692e(10).

40.    It is well settled that that the failure to disclose information is deceptive if necessary qualifications are not made, material information is omitted, or the disclosures made are too inconspicuous.

41.    In an effort to coerce the Plaintiff into making a payment, The Law Office of Perri E. Frosch, Esq. deceptively and misleadingly represented that the Plaintiff's Insurance Company refused to pay the debt that it sought to collect.

42.    Defendant's statement is always used, and is a standardized form letter.

43.    This language is inherently misleading and deceptive, because it was made without any individual or actual knowledge of whether it was true or false.  The Law Office of Perri E. Frosch, Esq. uses this language for all its medical debts, regardless of which medical provider provided the service.

44.    If a debt collector makes an assertion of fact to a consumer, the ordinary implication is that the debt collector has some factual basis with which to make that statement.

45.    If the debt collector in fact has no actual knowledge on which to base the assertion at the time it is made, then the statement is inherently deceptive.[2]

46.    Despite The Law Office of Perri E. Frosch, Esq.'s careless lack of knowledge, it made such statements with reckless disregard for its truth, with the sole objective of coaxing Plaintiff into paying the obligation allegedly due.

47.    This inherently deceptive and misleading statements used in connection with the collection of a debt violates 15 U.S.C. § 1692e.

48.    Defendant violated the FDCPA at Section 1692e(10) by misrepresenting to Plaintiff that her child's insurance company was unwilling to assist her in connection with the said medical bills – thus, he must pay to the Defendant the amount requested.

49.    Defendant represented that Plaintiff's insurance company had processed her claim and that they would not cover the alleged debt, when Defendant had no factual basis with which to make such representation.[3]

---

[2]  See Forsberg v. Fidelity Nat. Credit Services, Ltd., 2004 WL 3510771, at *5 (S.D. Cal. Feb. 26, 2004). ("even literally true statements . . . are deceptive if the statement is subject to an interpretation or contains an implication with the capacity to deceive.") (alterations omitted).

[3]  See Ponce v. BCA Fin. Servs., Inc., 2012 WL 470213 (11th Cir. Feb.14, 2012). ("The district court rejected [The debt collectors] argument that because it is not disputed that no insurance company has paid the medical bill despite attempts by the medical provider to obtain payment, [The debt collectors] statement ["sir, your insurance company will not go ahead and take care of this now,"] was indeed true, and therefore, cannot be deemed to have been false or misleading. The district court noted that our circuit has evaluated FDCPA's claims under the "least sophisticated consumer" standard. Here, although [The debt

50.    Defendant is liable for its misrepresentations even if the unsubstantiated statements subsequently turns out to be true, since a debt collector cannot justify any groundless statements made in an attempt to coerce payment from a consumer, so long as that debt collector is lucky enough to learn later that the statements made absent foundation were not literally false.

51.    Debt collectors who convey literal truths, partial truths, or ambiguous statements to consumers are still in violation of the FDCPA if they are misleading. Under § 1692e, a debt collector's statement must not only be true, it must also avoid ambiguity and unnecessary bullying or intimidation.[4]

52.    Defendant's statement would be deceptive to almost any consumer and it would certainly mislead the most ignorant, unthinking, and credulous portion of the population described by the Second Circuit in *Clomon v. Jackson, 988 F. 2d 1314 - Court of Appeals, 2nd Circuit 1993.*[5]

---

collector] based her statement on her general experience about insurance claims, she had no particular information to support her statement about [the debtor] insurance, and therefore, the district court concluded that she based her statement on an assumption which was meant to coax [the debtor] into paying the bill. We see no reversible error in the district court's conclusion that this statement would have been misleading to the least sophisticated consumer and therefore violated § 1692e(10).")

[4] Russell v. Equifax A.R.S., 74 F.3d 30, 32 (2d Cir. 1996). ("[A] collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate."); *Forsberg v. Fidelity Nat'l Credit Serv. Ltd.,* Case No. 03-cv-2193, 2004 WL 3510771, at *6 (S.D. Cal. Feb. 26, 2004) (suggesting that defendant debt collector's "bluffing" in an "attempt to pressure and intimidate plaintiff" would constitute a violation of § 1692e(10)); *Cacace,* 775 F. Supp. at 506 (entering summary judgment for plaintiffs in FDCPA case under § 1692e where debt collector inaccurately threatened that if it brought action against plaintiffs, then the commencement of litigation would automatically cause attachment of plaintiff's property); *Rosa v. Gaynor,* 784 F. Supp. 1, 4 (D. Conn. 1989) (holding that a letter that created a "false sense of urgency" and listed "intimidating" and "bullying" remedies was unlawfully deceptive).

[5] In Ponce v. BCA Financial Services, Inc., Docket No. 33 1:10-cv-20337 (S.D. Fla. May 24, 2011). the Defendant asserted that its statement to Plaintiff (that his insurance would not cover his outstanding bill) would not have deceived the "least sophisticated consumer" or any consumer because it was true and it was undisputed that no insurance company come forward to pay Plaintiff's bill, and the original creditor had provided a sworn affidavit that it exhausted all opportunities to obtain payment from any insurance provider before. The court stated: "I can only conclude that [the debt collector] told Plaintiff that his insurance company would not cover his bills in order to coax him into making a payment. Rather than field his many questions or alleviate his obvious confusion about the underlying charges and the insurance company's refusal to pay them, [the debt collector] simply invented a reason to terminate the conversation and disguised it as personal knowledge: "Well, sir your insurance company will not go ahead and take care of this now."… I find that [the debt collectors] statement would be deceptive to almost any consumer and it would certainly mislead the most ignorant, unthinking, and credulous portion of the population described by the Eleventh Circuit in *Jeter.*" **Affirmed by Ponce v. BCA Fin. Servs., Inc., 2012 WL 470213 (11th Cir. Feb.14, 2012).**

53.  Here, although the debt collector based its statement on the general experience about insurance claims, the collector has no particular information to support its statement about the debtor's insurance, and therefore, the collector based its statement on an assumption which was meant to coax the debtor into paying the bill. This statement is misleading to the least sophisticated consumer and therefore violated § 1692e(10).[6]

54.  The account that the Defendant was seeking to collect upon was non-existent; the Defendant made the Plaintiff believe that he in fact owed such an amount to Maimonides Medical Center when it was not the case.

55.  The Plaintiff never had any contractual relationship with Maimonides Medical Center.

56.  Section 1692e of the FDCPA states:

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of --

(A) the character, amount, or legal status of any debt."

57.  Section 1692(f) of the FDCPA states:

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

---

[6] See. Ponce v. BCA Financial Services, Inc., Docket No. 33 1:10-cv-20337 (S.D. Fla. May 24, 2011). ("This position does not comport with common sense. Adopting it would permit [the debt collector] to summarily obtain $378.35 from [the debtor] based on nothing more than an assumption that happened to be correct.") Affirmed by *Ponce v. BCA Fin. Servs.*, Inc., 2012 WL 470213 (11th Cir. Feb.14, 2012).

58.    The Defendant misrepresented the legal status of the alleged debt, as the debt was not owed by the Plaintiff.[7]

59.    Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

60.    Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

61.    Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

62.    Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

63.    Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

64.    Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

65.    Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

66.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of

---

[7] See Lee v. Kucker & Bruh, LLP, 2013 U.S. Dist. LEXIS 110363, 2013 WL 3982427 (S.D.N.Y. Aug. 2, 2013) ("Defendants argue that they are not liable for violating the FDCPA because they did not know that they were misrepresenting that Mr. Lee's account was delinquent. ([Footnote 1] Defendants rely on the decision in *Stonehart v. Rosenthal*, No. 01 Civ. 651, 2001 U.S. Dist. LEXIS 11566, 2001 WL 910771, at *6 (S.D.N.Y. Aug. 13, 2001) (holding that to "state a claim under § 1692e(2) of the FDCPA, [the plaintiff] must show that [the debt collector] knowingly misrepresented the amount of the debt"), and similar district court cases inside and outside this circuit. These cases, however, are at odds with binding Second Circuit precedent. See also *Goldman v. Cohen*, No. 01 Civ. 5952, 2004 U.S. Dist. LEXIS 25517, 2004 WL 2937793, at *10, n.11 (S.D.N.Y. Dec. 17, 2004), aff'd on other grounds, 445 F.3d 152 (2d Cir. 2006) (concluding that analysis in *Stonehart* contradicts the plain language of 1692(c) and the law as stated by the Second Circuit). This argument is contrary to binding Second Circuit precedent. The Defendants here are strictly liable for their violation of § 1692e. This Court holds that the misrepresentation in the Three Day Notice, the Verification and the Petition for summary nonpayment eviction of a debt supposedly owed by Mr. Lee for rent and fuel charges, when in fact he was current on his payments, is a violation of § 1692e(2)(A).")

their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

67.   These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

68.   Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

### CLASS ALLEGATIONS

69.   This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

70.   The identities of all class members are readily ascertainable from the records of Defendant and those business and governmental entities on whose behalf it attempts to collect debts.

71.   Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Defendant, and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

72.  There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members.  The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

73.  The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

74.  Plaintiff will fairly and adequately protect the interests of Plaintiff's Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

75.  This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)  **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)  **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for a fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of Federal Rules of Civil Procedure is appropriate as adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

76. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

77. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

78. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

79. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### AS AND FOR A CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.**

80. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through seventy-nine (79) herein with the same force and effect is if the same were set forth at length herein.

81. This cause of action is brought on behalf of Plaintiff and the members of two class.

82. The first class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form

letter as the letter sent to the Plaintiff on or about August 8, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), & 1692g(a)(4) for false and deceptive representations and for failing to comply with the validation notice requirements, in particular, for misrepresenting Plaintiff's right to dispute the debt and misrepresenting Plaintiff's right to obtain verification of the debt.

83. The second class consists of all persons whom Defendant's records reflect resided in the State of New York; and (a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about August 8, 2017; and (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered; and (d) the Plaintiff asserts that the Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

**Violations of the Fair Debt Collection Practices Act**

84. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

85. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
February 13, 2018

    /s/ Julius Toonkel
Julius Toonkel, Esq.
NY Bar No. 5308309
Of Counsel to Maxim Maximov, LLP
Law Office of Julius Toonkel
45 Broadway, 27th Floor
New York, New York 10006
Office: (212) 269-7511
Facsimile: (212) 269-7514
E-mail: jtnylaw@yahoo.com

Plaintiff requests trial by jury on all issues so triable.

    /s/ Julius Toonkel
Julius Toonkel, Esq.